FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   SEP 2 4 2018   ★

[  ] OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NEIL N. MALHOTRA,

                      Plaintiff,

      -against-

EMIRATES AIRLINES,

                    Defendant.
------------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**18 CV 3718 (BMC)(LB)**

**BLOOM, United States Magistrate Judge:**

This case has been referred to me for all pretrial purposes. *Pro se* plaintiff failed to

appear at two Court-ordered initial conferences in this matter. The Court warned plaintiff that if

he failed to timely appear in-person at the rescheduled September 20, 2018 initial conference, I

would recommend that his case should be dismissed under Federal Rules of Civil Procedure

16(f) and 37(b)(2)(A). (ECF No. 9.) On September 20, 2018, plaintiff failed to appear for a

second time. Defendant has written to the Court requesting that the case be dismissed. (ECF No.

16.) It is respectfully recommended for the following reasons that plaintiff's action should be

dismissed with prejudice pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil

Procedure.

## BACKGROUND

Plaintiff filed this *pro se* action in State Court on or about May 31, 2018, alleging that

during his round trip flight from New York to Bangkok, Thailand, defendant lost his baggage

resulting in $5000.00 in damages. (ECF No.1.) On June 27, 2018, defendant removed this case to

Federal Court pursuant to 28 U.S.C. §§ 1331, 1441 "because plaintiff's lost baggage claim falls

within the scope of Article 17.2 of the Montreal Convention, [thus] the Convention exclusively

governs the rights and liabilities of the parties to this action." (ECF No. 1 ¶ 5.) The Court

scheduled an initial conference in this action on August 21, 2018. (ECF No. 7.) Plaintiff failed to

appear at the August 21, 2018 conference. I issued an order rescheduling the initial conference

for September 13, 2018 and explicitly warned plaintiff that if he failed to timely appear at 9:30

a.m. on September 13, I would recommend dismissal of his action. (ECF No. 9.) The Court's

Order was sent to plaintiff and was not returned as undelivered. On August 29, 2018, defendant's

counsel informed the Court that plaintiff had contacted him stating that he had an unspecified

illness and that he may not be able to attend the September 13, 2018 conference. (ECF No. 11.)

The Court then issued an Order, advising plaintiff that the conference would proceed as

scheduled and that contacting defense counsel regarding an adjournment was not sufficient to

adjourn a conference. (ECF No. 12.) On September 10, 2018, plaintiff wrote to the Court stating,

"due to bad health, I cannot come to Court on 9-13-2018." (ECF No. 13.)  Giving plaintiff every

benefit of the doubt, the Court rescheduled the conference for September 20, 2018 and told

plaintiff that no further adjournment request would be granted. (ECF No. 14.) On September 18,

2018, plaintiff wrote to the Court stating, "[d]ue to illness I am unable to come on September 20,

2018, Dear Judge Hon: If you want to dismiss my case it's okay. Please transfer my case [to]

Long Island Supreme Court. Due to pain in my right knee and right shoulder [it] is hard to walk.

I live in small town there is no bus or train services." (ECF No. 15.)[1]  Plaintiff never provided

any medical documentation to support his purported illness. Defendant's counsel timely

appeared for the September 20, 2018 conference, but again, plaintiff failed to appear.

---

[1] The Court notes that the Long Island Railroad services Levittown, New York, where plaintiff lives. The Court
further notes the irony that plaintiff can travel to Bangkok but not to Brooklyn.

## DISCUSSION

The Montreal Convention governs questions regarding international air carrier liability, including liability for lost luggage. See Hutchinson v. British Airways PLC, 2009 WL 959542, at *3 (E.D.N.Y. Apr. 6, 2009); Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 496 (S.D.N.Y 2009) (evaluating passenger's claim for delayed delivery of luggage by air carrier under the Montreal Convention); Nastych v. British Airways PLC, No. 09 Civ. 9082, 2010 WL 363400, at *2 (S.D.N.Y. Feb. 2, 2010) (applying Montreal Convention to determine air carrier's liability for losing plaintiff's luggage on international flight).[2]

Plaintiff's request for the Court to "[p]lease transfer my case [to] Long Island Supreme Court" is liberally construed as a request to remand his case to State Court. The request should be denied as removal of plaintiff's case to this Court based on the Montreal Convention was proper. Plaintiff should be advised that any future claims he may bring regarding lost baggage on an international flight will also likely be removed to this Court under the Montreal Convention.[3]

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding

---

[2] The Clerk of Court is directed to send petitioner the attached copies of all unreported cases cited herein along with this Report & Recommendation.
[3] Defense Counsel lists five cases that plaintiff has recently filed against airline defendants seeking to recover damages for lost baggage. (ECF No. 16 at 41.) Plaintiff should be warned against filing further claims.

*pro se*, so long as warning has been given that noncompliance can result in dismissal." <u>Valentine</u> <u>v. Museum of Modern Art</u>, 29 F.3d 47, 49 (2d Cir. 1994); <u>See</u> <u>also</u> <u>Agiwal v. Mid Island Mortg.</u> <u>Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009) (failure of *pro se* litigant to comply with court orders may result in sanctions, including dismissal with prejudice).

In this case, plaintiff failed to appear on August 21, 2018 and again on September 20, 2018 for Court-ordered conferences. The Court granted plaintiff's adjournment request of the September 13, 2018 conference, despite plaintiff's failure to submit any medical documentation for his purported illness. (ECF No. 14.) That Order clearly warned plaintiff that if he failed to timely appear for the September 20, 2018 conference, I would recommend that this case should be dismissed. (ECF No. 14.) Plaintiff was also warned that the Court would not grant any further adjournment of the initial conference. Despite this warning, plaintiff wrote another letter to the Court with dubious excuses and failed to appear for the September 20, 2018 conference. This abuse of the Court's process and defendant's resources should not be tolerated. This case should be dismissed. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. Moreover, plaintiff should be warned that filing cases in State Court against airline defendants alleging that his bags were lost on international flights will likely be removed to this Court. Should such cases be removed, they will be subject to this Court's scrutiny. Plaintiff could be sanctioned for filing cases lacking a basis in fact or law.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen days from service of this Report to file written

objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court.

Any request for an extension of time to file objections must be made within the fourteen-day

period. Failure to file a timely objection to this Report generally waives any further judicial

review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002);

Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474

U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
_____
LOIS BLOOM
United States Magistrate Judge

Dated: September 24, 2018
       Brooklyn, New York