C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
NEIL NICK MALHOTRA,                              :
                                                 :      **ORDER TO SHOW CAUSE**
                         Plaintiff,              :
                                                 :      18-cv-3718 (BMC) (LB)
         - against -                             :
                                                 :
                                                 :
EMIRATES AIRLINES,                               :
                                                 :
                         Defendant.              :
---------------------------------------------------------------- X

**COGAN**, District Judge.

By Report and Recommendation dated September 24, 2018, Magistrate Judge Lois Bloom recommended dismissal of this action on the ground that plaintiff had failed to attend two conferences, plus additional aggravating circumstances. Her rationale is set forth in the R&R and will not be repeated here. It bears noting, however, that the R&R also warned plaintiff against continuing his history of filing state court actions (which then get removed to this Court under the Montreal Convention) for lost baggage against various international airline companies.

The warning stemmed from a letter submitted by defendant in this action, which advised the Court of this history. The letter – which plaintiff has not disputed – is supported by exhibits. It identifies at least five prior claims that plaintiff has brought against different foreign airline companies for "lost bags" over the last eight years.

One of those cases was Malhotra v. All Nippon Airways, No. 14-cv-02630 (E.D.N.Y. 2014). According to defendant, the case included video evidence showing that plaintiff in fact picked up his bags, but put in a claim for lost baggage anyway. In his deposition, he admitted that the same items that were supposedly "lost" on that trip were also part of his claim in two of

the other state court actions. Some of those prior actions, like this one, included unsubstantiated claims of medical disabilities as an excuse for delaying the action.

One hardly needs a videotape nor plaintiff's admissions at his deposition to conclude that plaintiff thinks he has found a good business of submitting fraudulent claims. And, indeed, given the lost baggage limitations in the Montreal Convention, some defendants might understandably prefer to settle with plaintiff for a nominal amount rather than paying lawyers to defend actions in the City of New York Civil Court. But the notion that, on separate international trips, All Nippon Airways; Cathay Pacific; Enhance Services; China Eastern Airlines; Aeroflot Russian Airlines; and now Emirates Airlines each lost plaintiff's bags is absurd on its face. Nobody is that unlucky. It is past time to put an end to plaintiff's business.

Pursuant to the R&R and Federal Rule of Civil Procedure 72(b), plaintiff has until October 9, 2018 to object to the R&R. But whether he objects or not, he is hereby ORDERED TO SHOW CAUSE, by that same date, why an Order should not be entered, pursuant to the inherent authority of the Court: (1) sanctioning him in the amount of $2500 for his fraudulent filing in this case; and (2) requiring him, as to any future action he commences in or that is removed to this Court, to post a bond of $2500 as security for costs pursuant to Local Civil Rule 54.2.

**SO ORDERED.**

                                                                                                   U.S.D.J.

Dated: Brooklyn, New York
       September 24, 2018