| UNITED STATES DISTRICT COURT | | C/M |
| EASTERN DISTRICT OF NEW YORK | | |

```
------------------------------------------------------------ X
                                                             :
NEIL N. MALHOTRA,                                            :
                                                             :     CORRECTED
                              Plaintiff,                     :     MEMORANDUM & ORDER
                                                             :
             - against -                                     :     18-cv-3718 (BMC) (LB)
                                                             :
EMIRATES AIRLINES,                                           :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ X
```

**COGAN**, District Judge.

By Order to Show Cause dated September 24, 2018, I ordered plaintiff *pro se* to show cause why (1) sanctions of $2500 should not be imposed on for filing a false lost luggage claim that is the subject of this action; and (2) imposing a requirement that in any future lost luggage claim case that he files in this Court or that is removed to this Court, he must post a $2500 bond pursuant to Local Civil Rule 54.2 to secure the defendant against costs and sanctions that may be imposed on him. Familiarity with the Order to Show Cause is assumed, but to summarize, plaintiff has engaged in repeated filing of phony lost luggage claims after trips he has taken on international airlines, including defendant in this case, and he has either extracted nuisance settlements or abandoned the claims if pressed to provide details.

In response, plaintiff does not dispute that the lost luggage claims that he alleged in this action and the prior actions were all false. However, he asks that sanctions not be imposed on him because the claims were not "fraudulent." His reasoning is this: "Sir, I never filed [a] fraudulent case, because defend[an]t have expert attorn[eys]. I do not have any legal help."

This answer is a non-sequitur. It does not take "legal help" to know that if you pick up your luggage in the baggage claim area, you should not file a lawsuit claiming that the airline

lost your luggage. And the fact that the international airlines that plaintiff sues have "expert attorneys" is exactly what makes his scheme difficult to stop – it is easier to settle his claims than to run up attorneys' fees that exceed the amount of the claim. Plaintiff has knowingly engaged in numerous attempts to defraud several international airlines, including this defendant, and the fact that they have to hire attorneys makes it worse, not better.

Plaintiff also asks that sanctions not be imposed "because my only income [is] S.S. [Social Security]." I do not accept this as a credible statement. I do not see how someone whose only income is social security has taken this number of international airline trips. However, I view a sanction of $500 as sufficient to deter plaintiff from further fraudulent lawsuits, as long as it is backstopped by an anti-filing injunction requiring him to post a $2500 bond if he brings any more cases in this Court for lost luggage claims or if his cases are removed here. It will be up to defendant to decide whether it wants to spend more money collecting the judgment.

The Report and Recommendation of Judge Bloom is adopted as the Order of this Court and the case is dismissed. Judgment will be entered consistent with this decision. In addition, because plaintiff has brought several fraudulent claims against international airlines, this matter is referred to Richard Donoghue, United States Attorney for the Eastern District of New York, for such action, if any, that he deems appropriate.

**SO ORDERED.**

                                                                   U.S.D.J.

Dated: Brooklyn, New York
       October 10, 2018